## Johnson, et al. *v*. City of Biloxi.

June 8, 1953

No. 38955 34 Adv. S. 104 65 So. 2d 234

*J. D. Stennis, Jr.*, Biloxi, for appellants on merits.

2

4

6

8

*W. L. Guice, Jacob Guice,* Biloxi, and *William A. Bacon,* Jackson, for appellee on merits.

LOTTERHOS, J.

By resolution dated December 18, 1952, the City Council of the City of Biloxi provided for the issuance of public improvement bonds of that municipality in the total principal amount of $990,000.00. Prior to said date there were certain other proceedings, including an election, in connection with the issuance and sale of said bonds. On January 6, 1953, a transcript of the proceedings with respect to the issuance of said bonds, and also the opinion of the State's bond attorney thereon, were filed in the chancery court of the proper county, for action under the bond validation statute (Secs. 4313-4318, Code of 1942). In response to the publication of notice as provided by that statute, appellants, citizens and taxpayers of said city, appeared and objected to the validity of the proceedings for issuance of said bonds.

At the conclusion of the hearing, the chancellor entered a decree validating said bonds, and the objectors appealed therefrom. In due course, briefs were filed here, and the case was argued and submitted to this Court. At this stage, and prior to a decision of the appeal on the merits, appellee, the City of Biloxi, has filed a motion to dismiss the case, setting up the following matters:

The bonds have not been delivered to the purchasers, the time for delivery under the contract of sale has expired, and on demand of the bond purchasers the earnest money deposited by them has been returned. The city council of said municipality has, by resolution, set aside, rescinded and repealed the aforesaid resolution of December 18, 1952, "and all orders or resolutions prior

thereto in assistance of the issuance'' of said bonds. After reciting these facts, appellee moves the Court to make an order setting aside the decree of the chancery court validating said bonds, to the effect that said bonds may be held to be null and void, and not the legal, binding obligation of said city, and to dismiss the petition of appellee filed in the chancery court for the validation of said bonds.

██ █ Upon consideration of this motion and the matters shown therein, we have concluded that this appeal now involves moot questions only; that appellants will be deprived of no rights if the motion is sustained, since the effect will be to grant to appellants the relief sought on this appeal; and that the merits of the case, on appeal, need not and will not be determined. Accordingly, the motion is sustained, and an order will be entered to the following effect: The original petition of appellee in the chancery court for validation of said bonds will be dismissed; the decree of said chancery court validating said bonds will be set aside; said bonds will be adjudged to be null and void, and not the legal, binding obligation of appellee; and this case pending on appeal will be dismissed; all at the cost of movant, the appellee.

Motion sustained.

*McGehee, C. J.,* and *Roberds, Kyle,* and *Holmes, JJ.,* concur.